# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

BORIS NICHOLS, *et al.*                                   **PLAINTIFFS**

v.                        **CIVIL ACTION NO. 2:19-MC-162-KS-MTP**

U.S. BANK, NATIONAL ASSOCIATION, *et al.*           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### AND ORDER TO SHOW CAUSE

On October 28, 2019, Plaintiffs filed a petition [1] with this Court seeking confirmation of a purported arbitration award in their favor against Defendants in the amount of $1,800,000.00. As the Court noted in a separate case, several cases involving "Sitcomm Arbitration Association" have been filed in this Court. *See, e.g. Brown v. Ally Financial, Inc.*, 2019 WL 6718672 (S.D. Miss. Dec. 10, 2019); Motion to Confirm Arbitration Award, *Teverbaugh v. Lima One Capital, LLC*, No. 2:19-MC-159-KS-MTP (S.D. Miss. Oct. 23, 2019), ECF No. 1; Complaint, *Imperial Indus. Supply Co. v. Thomas*, No. 2:19-CV-129-KS-MTP (S.D. Miss. Sept. 13, 2019), ECF No. 1. Moreover, this is the *sixth* case Plaintiffs have initiated seeking to block the foreclosure of their home. *See, e.g. U. S. Bank Nat'l Ass'n v. Nichols*, 2019 WL 4276995, at *1 (N.D. Okla. Sept. 10, 2019). Like their filings in previous cases, Plaintiffs' pleadings here consist of a "bizarre jumble of inconsistent, nonsensical word salad." *Id.* at *2. The bottom line is that Plaintiffs claim that they received a favorable arbitration judgment, and they want this Court to enter a judgment confirming it, presumably as a prelude to execution. In response, Defendant U.S.

Bank argues that there was no arbitration agreement. Plaintiffs contend that Defendant waived its right to challenge the award.

**A.    *Motion to Strike [10]***

First, Plaintiffs filed a Motion to Strike [10] Defendant's response to the Motion for Confirmation [1] of the purported arbitration award. Plaintiffs argue that the response – which contests the validity of the purported arbitration award – was untimely.

The Federal Arbitration Act ("FAA") provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "The three-month deadline to challenge an arbitration award is absolute, and not subject to a 'discovery rule' or 'equitable tolling.'" *Mitchell v. Franchise Servs. of N. Am., Inc.*, 2019 WL 6135058, at *4 (S.D. Miss. Nov. 19, 2019). However, the statute specifically provides that notice of a motion to vacate must be served within three months after the award is "filed or delivered." 9 U.S.C. § 12. The Fifth Circuit has not addressed this language, and the FAA does not provide a procedure for calculating the three-month time period. But district courts in the Fifth Circuit have held that the time period begins to run when the award was delivered to the party seeking vacatur or modification. *See, e.g. Am. Income Life Ins. Co. v. Alkurdi*, 2019 WL 2022220, at *2 (W.D. Tex. Apr. 25, 2019); *Adcock v. Halliburton Energy Servs., Inc.*, 2007 WL 496729, at *2 (S.D. Miss. Feb. 13, 2007); *see also Sargent v. Paine Webber*

*Jackson & Curtis, Inc.*, 882 F.2d 529, 531 (D.C. Cir. 1989).

Defendant presented a declaration under 28 U.S.C. § 1746 from one of its officers, Rozalynn L. Martin. *See* Exhibit 1 to Response, *Nichols v. U.S. Bank, Nat'l Ass'n*, No. 2:19-MC-162-KS-MTP (S.D. Miss. Dec. 19, 2019), ECF No. 11-1. Martin stated that Defendant "first received notice of the 'Final Arbitration Award' that Plaintiffs . . . seek to confirm . . . through a Law 360 case alert that provided notification that Plaintiffs had filed a 'Special Action for Confirmation of Arbitration Award' on October 28, 2019." *Id.* at 1-2. Therefore, Defendant "did not receive a copy of the 'Final Arbitration Award' that Plaintiffs seek to confirm in this action before October 30, 2019." *Id.* at 2.

Plaintiffs presented no evidence contradicting Martin's declaration. Therefore, the Court concludes that Defendant received notice of the purported arbitration award on October 30, 2019. Defendant filed its response to Plaintiff's motion on November 22, 2019 – within three months of receiving the purported award. Accordingly, Defendant's response was not untimely. The Court **denies** Plaintiffs' Motion to Strike [10].

## B.    *Motion for Confirmation [1]*

The Federal Arbitration Act ("FAA") provides various "mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *21st Fin. Servs., LLC v. Manchester Fin. Bank*, 747 F.3d 331, 335 (5th Cir. 2014) (quoting *Hall St. Assocs.,*

*LLC v. Mattel, Inc.*, 552 U.S. 576, 582, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008)). The Court's scope of review "of an arbitration award is extraordinarily narrow." *Id.* The Court may only vacate an award if: "(1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers." *Id.* at 336 (quoting *Harris v. Parker Coll. Of Chiropractic*, 286 F.3d 790, 792 (5th Cir. 2001)).

An arbitrator's power derives from the arbitration agreement. *Timegate Studios, Inc. v. Southpeak Interactive, LLC*, 713 F.3d 797, 802 (5th Cir. 2013). Therefore, an arbitrator only has the power to grant an award if the parties agreed to submit the matter to arbitration. *See, e.g. MCI Telecommunications Corp. v. Exalon Indus., Inc.*, 138 F.3d 426, 430 (1st Cir. 1998); *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2nd Cir. 1995); *Garcia v. Kakish*, 2017 WL 2773667, at *9 (E.D. Cal. June 27, 2017); *Nat'l Wastewater Sys., Inc. v. McKittrick Precast, Inc.*, 2013 WL 4648334, at *3 (W.D. La. Aug. 29, 2013). "A reviewing court examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration." *YPF S.A. v. Apache Overseas, Inc.*, 924 F.3d 815, 818 (5th Cir. 2019). "The party challenging enforcement of the arbitration award has the burden of proof." *21st Fin. Servs.*, 747 F.3d at 336.

In response to Plaintiff's Motion for Confirmation [1], Defendant presented a declaration from its officer, Rozalynn L. Martin. *See* Exhibit 1 to Response, *Nichols*

*v. U.S. Bank, Nat'l Ass'n*, No. 2:19-MC-162-KS-MTP (S.D. Miss. Nov. 22, 2019), ECF No. 8-1. Martin stated that Defendant "has not entered into any arbitration agreement or agreement with an arbitration clause with Plaintiffs . . . ." *Id.* at 3. Plaintiffs have not provided any evidence to contradict Martin's declaration. Therefore, the Court concludes that there was no arbitration agreement between the parties. Accordingly, the arbitrator had no authority to enter an arbitration award, and the Court must **deny** Plaintiff's Motion for Confirmation [1].

## C.    *Motion for Bond [5]*

Plaintiffs filed a document which the Clerk docketed as a "Motion for Bond" [5]. The document is pseudo-legal nonsense. As far as the Court can discern, it does not request any specific form of relief. Regardless, to the extent it does request some form of relief, it is now **denied as moot**.

## D.    *Order to Show Cause*

This Court has the "inherent power to assess fees as sanctions when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Moench v. Marquette Transp. Co. Gulf-Inland, LLC*, 838 F.3d 586, 595 (5th Cir. 2016) (punctuation omitted). "Under this test, sanctions are warranted when a party knowingly or recklessly raises an objectively frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.*

The United States District Court for the Northern District of Oklahoma described Plaintiffs' purported arbitration award and the process by which they

obtained it in great detail. *Nichols*, 2019 WL 4276995, at *2-*4. This Court finds the Northern District of Oklahoma's recitation and characterization of Plaintiffs' actions, the purported arbitration award, the purported arbitrator, and the purported arbitration process to be accurate in light of the current record, and hereby adopts them as its own.

The Court orders Plaintiffs to show cause why they should not be sanctioned for seeking confirmation of a purported arbitration award when there was no valid underlying arbitration agreement. Plaintiffs shall respond to this order on or before **January 20, 2020**. Defendant may then respond on or before **January 27, 2020**, and Plaintiffs may reply on or before **February 3, 2020**. Failure to timely respond will be construed as contumacious conduct meriting sanctions.

## E.    *Conclusion*

For these reasons, the Court **denies** Plaintiffs' Motion for Strike [10], **denies** Plaintiffs' Motion for Confirmation [1], **denies as moot** Plaintiffs' Motion for Bond [5], and hereby declines to affirm or enforce the purported arbitration award.

Plaintiff shall respond to the Court's Order to Show Cause on or before **January 20, 2020**. Defendant may then respond on or before **January 27, 2020**, and Plaintiffs may reply on or before **February 3, 2020**.

SO ORDERED AND ADJUDGED this 6th day of January, 2020.

    /s/    Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE
