# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BORIS NICHOLS,** *et al.* **PLAINTIFFS**

**v.** **CIVIL ACTION NO. 2:19-MC-162-KS-MTP**

**U.S. BANK, NATIONAL ASSOCIATION,** *et al.* **DEFENDANTS**

## ORDER

On October 28, 2019, Plaintiffs filed a petition [1] with this Court seeking confirmation of a purported arbitration award in their favor against Defendants in the amount of $1,800,000.00. As the Court noted in a separate case, several cases involving "Sitcomm Arbitration Association" have been filed in this Court. *See, e.g. Brown v. Ally Financial, Inc.*, 2019 WL 6718672 (S.D. Miss. Dec. 10, 2019); Motion to Confirm Arbitration Award, *Teverbaugh v. Lima One Capital, LLC*, No. 2:19-MC-159-KS-MTP (S.D. Miss. Oct. 23, 2019), ECF No. 1; Complaint, *Imperial Indus. Supply Co. v. Thomas*, No. 2:19-CV-129-KS-MTP (S.D. Miss. Sept. 13, 2019), ECF No. 1. Moreover, this is the *sixth* case Plaintiffs have initiated seeking to block the foreclosure of their home. *See, e.g. U. S. Bank Nat'l Ass'n v. Nichols*, 2019 WL 4276995, at *1 (N.D. Okla. Sept. 10, 2019). Like their filings in previous cases, Plaintiffs' pleadings here consist of a "bizarre jumble of inconsistent, nonsensical word salad." *Id.* at *2. In short, Plaintiffs claim that they received a favorable arbitration judgment, and they want this Court to enter a judgment confirming it, presumably as a prelude to execution. In response, Defendant U.S. Bank argued that there was no arbitration agreement. Plaintiffs argued that the Court should strike

Defendant's response to their Motion for Confirmation because it was untimely.

On January 6, 2020, the Court entered a Memorandum Opinion and Order [13] finding that Defendant first received notice of the purported arbitration award on October 30, 2019, and that Defendant timely filed its response to Plaintiffs' motion on November 22, 2019. Accordingly, the Court denied Plaintiffs' Motion to Strike [10].

The Court also found that Plaintiffs had not presented evidence to contradict a declaration from Defendant's officer, in which the officer stated that Defendant had not entered into any arbitration agreement or any agreement containing an arbitration clause with Plaintiffs. Therefore, the Court found that the arbitrator had no authority to enter an arbitration award, and the Court denied Plaintiff's Motion for Confirmation.

## A.     *Motion for Reconsideration [18]*

On January 22, 2020, Plaintiffs filed a Motion for Reconsideration [18]. For the most part, the motion contains the same pseudo-legal gibberish of Plaintiffs' other pleadings. The Court can only discern one coherent argument. Plaintiffs apparently argue that the United States Postal Service sent a document to the wrong address. Specifically, Plaintiffs claim that the USPS sent a document titled "Fault to Opportunity to Cure" to the wrong address.[1] Plaintiffs' motion is unclear as to how this document is relevant. Given the specifics of the Court's ruling, the Court assumes

---

[1] This claim appears to be false. According to the documents submitted by Plaintiffs, the USPS delivered the document to the address Plaintiffs provided. Therefore, a more accurate statement would that *Plaintiffs* mailed the document to the wrong address.

2

that Plaintiffs contend that this document and the USPS's alleged failure to deliver it to the right address demonstrates either that 1) Defendant received notice of the purported arbitration award earlier than its agent represented, or 2) Defendant did actually enter into an arbitration agreement with Plaintiffs.

First, the documentation provided by Plaintiff does not demonstrate that Defendant received any notice of the purported arbitration award earlier than Defendant's agent declared. There is no copy of the purported arbitration award in the documents presented by Plaintiff in support of the Motion for Reconsideration. Moreover, Plaintiffs apparently claim that the USPS delivered this document to the wrong address. If Plaintiffs didn't send the document to the right address, Defendant would not have received it.

Second, the documentation provided by Plaintiff does not demonstrate the existence of an arbitration agreement. Plaintiffs did not attach a copy of any contract, much less one containing an arbitration clause.

Therefore, the Court **denies** Plaintiffs' Motion for Reconsideration [18], as Plaintiffs have not provided any grounds for the Court to alter its previous ruling.

### B.     *Motion to Vacate [22]*

Plaintiffs also filed a Motion to Vacate [22] the Court's order denying their Motion for Confirmation. Once again, Plaintiffs' motion is mostly pseudo-legal gibberish, but the Court was able to discern several arguments.

First, Plaintiffs again claim that they had an arbitration agreement with

Defendant. However, once again, they have not provided any evidence to support this claim.

Next, Plaintiffs argue that the Court is not permitted to rely on the declarations provided by Defendant in support of its response to the Motion for Confirmation. However, any requirement of a sworn affidavit under United States law may be satisfied "with like force and effect" by an unsworn declaration subscribed as true under penalty of perjury. 28 U.S.C. § 1746. Therefore, the Court was permitted to rely on the declarations.

Plaintiffs also complain of the Court granting Defendant an extension of time to respond to Plaintiff's response to the Court's Order to Show Cause. Contrary to Plaintiffs' suspicions, there is nothing abnormal or nefarious about a court granting an extension of time to a party. This Court is fairly liberal with extensions of time upon request by any litigant. The granting or denial of any such request has no relation to the merits of the case or the Court's disposition.

Plaintiffs apparently contend that the extension was unfair because they were required to reply to Defendant's response on February 3, 2020, three days before Defendant's response was due on February 6, 2020. In light of Plaintiffs' *pro se* status, the Court's order was unclear in this respect, as Plaintiffs' deadline to reply to Defendant's response was likewise extended automatically by function of Defendant's extension. Regardless, the Court does not require a response from Defendant or a reply from Plaintiffs. Plaintiffs' initial response to the Court's Order to Show Cause

4

is sufficient for the Court to provide a ruling. Therefore, in an abundance of caution, the Court will disregard Defendant's response.

Finally, Plaintiffs included numerous assertions that the undersigned judge was biased, that he had slandered them, and that he had a conflict of interests. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge should recuse "if a reasonable person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004). A reasonable person is presumed to "well-informed, thoughtful and objective," as opposed to "hypersensitive, cynical, and suspicious . . . ." *Id.* "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994).

Plaintiffs have not provided any evidence of bias or prejudice. Moreover, nothing in the record demonstrates such bias, and Plaintiffs' assertion that the undersigned judge slandered them is demonstrably false. Rulings adverse to Plaintiffs' wishes do not constitute a basis for recusal.

For all these reasons, the Court **denies** Plaintiffs' Motion to Vacate [22].

## C. Sanctions

In the Court's previous order, it ordered Plaintiffs to show cause why they should not be sanctioned for seeking confirmation of a purported arbitration award

5

when there was no valid underlying arbitration agreement. They provided no meaningful response to the Court's order, asserting the same arguments they presented in their Motion to Vacate, which the Court has denied.

This Court has the "inherent power to assess fees as sanctions when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Moench v. Marquette Transp. Co. Gulf-Inland, LLC*, 838 F.3d 586, 595 (5th Cir. 2016) (punctuation omitted). "Under this test, sanctions are warranted when a party knowingly or recklessly raises an objectively frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.*

The United States District Court for the Northern District of Oklahoma described Plaintiffs' purported arbitration award and the process by which they obtained it in great detail. *Nichols*, 2019 WL 4276995, at \*2-\*4. This Court finds the Northern District of Oklahoma's recitation and characterization of Plaintiffs' actions, the purported arbitration award, the purported arbitrator, and the purported arbitration process to be accurate in light of the current record, and hereby adopts them as its own. The Court further notes that Plaintiffs have still not provided any evidence that an arbitration agreement exists between them and Defendant.

Therefore, the Court finds that Plaintiffs knowingly and/or recklessly raised an objectively frivolous argument by seeking confirmation of a purported arbitration award when there was no underlying arbitration agreement.

For these reasons, the Court believes that sanctions are appropriate. The

Court awards Defendant its fees and costs incurred because of Plaintiffs' frivolous attempt to gain this Court's confirmation of the purported arbitration award. This encompasses all fees and costs incurred since Plaintiffs filed their Motion to Confirm [1] that would not have been incurred absent Plaintiffs' bad faith behavior. The Court orders Defendant to submit a detailed accounting of such fees and costs, and briefing as deemed necessary, on or before **March 9, 2020**. Plaintiffs must then respond on or before **March 23, 2020**, and Defendant may then reply on or before **March 30, 2020**.

SO ORDERED AND ADJUDGED this 24th day of February, 2020.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE